11-3701                                                                BIA
Lin v. Holder                                                   A088 552 407

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

_____

YING LIN,
        *Petitioner,*

        v.                                    11-3701-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; James E. Grimes,
                       Senior Litigation Counsel; Gerald M.
                       Alexander, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ying Lin, a native and citizen of China, seeks review of an August 25, 2011, decision of the BIA denying his motion to reopen his removal proceedings. *In re Ying Lin*, No. A088 552 407 (B.I.A. Aug. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's motion to reopen, filed in January 2011, was untimely because the BIA issued a final order of removal in April 2010. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2).

Lin contends, however, that he established changed circumstances on the basis of the Chinese government's

intensified repression of Catholics following his merits hearing in June 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing an exception to the 90-day deadline where a motion is based on a material change in circumstances in the country of removal); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). We conclude that the BIA's denial of Lin's motion to reopen as untimely was not an abuse of discretion.

In considering Lin's country conditions evidence, the BIA noted that the Department of State's 2009 Country Report indicated that the Chinese government *continued* its harassment of members of Catholic house churches and that the 2009 China Aid Report – the only evidence reflecting an increase in religious repression – did not report an intensification of religious repression in Lin's home province of Fujian. While Lin takes issue with the BIA's finding that his evidence reflected a continuation rather

3

than a material increase in the Chinese government's level of religious repression, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). Where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("[S]upport for a contrary inference – even one more plausible or more natural – does not suggest error").

Lin's contention that the BIA erred in discounting his evidence of conditions for Chinese Catholics outside of his home province of Fujian is misplaced, as Lin bore the burden of supporting his motion with "material" evidence. *See* 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). As the BIA noted, the Department of State's 2009 International Religious Freedom Report indicated that the Chinese government's repression of underground churches varied depending on local conditions. Given this evidence of variation, the BIA reasonably determined that the China Aid Report's anecdotal accounts of religious repression outside Lin's home province

4

of Fujian did not demonstrate a material change in circumstances.  *See Jian Hui Shao*, 546 F.3d at 149, 158-59 (stating that it is the applicant's burden to show a well-founded fear of persecution in his locality in China in the context of family planning policies); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the agency).

Further, the BIA did not err in affording Lin's cousin's letter diminished evidentiary weight.  *See Xiao Ji Chen*, 471 F.3d at 342.  As the BIA noted, the letter was unsworn, appeared to be created for the purpose of litigation, and was from an interested witness not subject to cross-examination.  Under these circumstances, the BIA did not abuse its discretion in affording the letter diminished evidentiary weight.  *See In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (affording diminished evidentiary weight to unsworn letters from the alien's friends and family because they were from interested witnesses not subject to cross-examination), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Because the BIA did not abuse its discretion in denying Lin's motion as untimely, we do not address his *prima facie*

5

eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)(per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk